UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

LUCAS M. GONYIER,

    Debtor

Chapter 7

Bankruptcy No. 21-00617

# RULING ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

This matter came before the Court by telephonic hearing on March 25, 2022. Dustin Baker appeared for Debtor Lucas Gonyier ("Debtor"). Eric Lam appeared for Chapter 7 Trustee Sheryl Schnittjer ("Trustee"). The Court took the matter under advisement on the record submitted. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF THE CASE

On July 12, 2021, Debtor filed his Chapter 7 voluntary petition. Debtor listed an interest in his I.R.C. § 457 Governmental Deferred Compensation Plan and Trust (the "Plan") with a value of $33,632.20. Debtor claimed the full value of the Plan as exempt under Iowa Code § 627.6(8)(e) and (f). Trustee filed an Objection to Debtor's Claim of Exemptions on October 22, 2021, asserting that Debtor's Plan was not subject to the exemptions of the Iowa Code. Debtor resisted Trustee's Objection with his own objection and supplement on November 10,

2021, and November 18, 2021, respectively. Debtor received a discharge on November 19, 2021. Trustee then filed a Motion for Summary Judgment on Debtor's claim of exemption. Debtor filed no additional resistance but continued to orally resist Trustee's Motion at the telephonic hearing.

As the Plan is excluded from Debtor's bankruptcy estate, the Court need not reach the issue of exemption at state law. For the following reasons, Trustee's Motion is denied.

## BACKGROUND

At the time of his bankruptcy filing, Debtor was a full-time employee with the City of Dubuque. The City of Dubuque maintained a § 457 retirement plan in favor of its employees, including Debtor. Although Debtor has not received any payments from his Plan, he has been contributing to the Plan.

In his Chapter 7 petition Debtor reported an interest of $33,632.20 in his Plan and claimed the full amount exempt under Iowa Code § 627.6(8)(e) and (f). (ECF Doc. 1). Trustee objected to Debtor's claim of exemption under both Iowa Code subsections. (ECF Doc. 20). Trustee argues that § 627.6(8)(e) is inapplicable to Debtor's Plan because the provision explicitly applies to "payments," and Debtor has received no payments from the Plan. Trustee argues further that § 627.6(8)(f) is inapplicable to the Plan because it does not identify § 457 plans as exempt from creditors and further only exempts retirement plans

2

"authorized **in the future** [of the enactment of § 627.6(8)(f)] under federal law"—which would not include Debtor's Plan, since § 457 plans were in existence when § 627.6(8)(f) was enacted. Iowa Code § 627.6(8)(f) (emphasis added).

Debtor argues that his Plan is exempt under § 627.6(8)(e) regardless of whether payments have been distributed to him. He relies on authority from the Bankruptcy Court for the Southern District of Iowa in support. Matter of Pedersen, 155 B.R. 750, 758 (Bankr. S.D. Iowa 1993). Debtor does not address Trustee's argument that § 627.6(8)(f) is inapplicable to the Plan. Debtor received a discharge on November 19, 2021, after the Chapter 7 Trustee concluded that he held a no-asset estate. (ECF Doc. 35).

The parties then filed a Joint Status Report, wherein they agreed to January 7, 2021 as a deadline to file motions for summary judgment on the exemption issue. (ECF Doc. 43). Trustee filed its Motion and accompanying supporting filings on January 7, 2021, arguing substantially the same points as in its Objection. (ECF Docs. 45–48). Debtor did not file a motion for summary judgment by this deadline. The Court held a telephonic hearing on this matter on March 25, 2022 and took the matter under advisement.

## DISCUSSION

Exemptions under the Bankruptcy Code apply to property of the bankruptcy estate. 11 U.S.C. § 522(b)(1). Property of the estate generally

3

includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Id. § 541(a)(1).  Section 541(b) of the Bankruptcy Code lists exclusions from property of the bankruptcy estate. Section 541(c)(2) also enforces "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law" under Title 11.

     This Court has previously addressed a similar issue and held that § 457 plans are excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2).  In re Domina, 274 B.R. 829, 832–33 (Bankr. N.D. Iowa 2002). This Court cited Patterson v. Shumate, where the Supreme Court held that a debtor's interest in a plan subject to ERISA was not property of the estate and that § 541(c)(2) applies to "any relevant nonbankruptcy law."  Id. (quoting Patterson v. Shumate, 504 U.S. 753, 758 (1992)).

     In Domina, this Court held that the "extensive provisions for the creation and management of [the] trust" in the § 457 plan, the provisions restricting the debtor's transfer of his beneficial interest, and the compliance of the plan with I.R.C. § 457(g), all amounted to enforceable restrictions under § 541(c)(2).  Id. at 833.  The restrictions in Domina were codified at Iowa Admin. Code § 581-15.6(19A).  Id.  Though the Iowa Administrative Code has since been updated, Debtor's § 457 Plan remains subject to

4

restrictions that exclude its contents from the estate under § 541(c)(2). See Iowa Admin. Code § 11-64.6(8A) (updating the Administrative Code provision referenced in Domina and maintaining the same restrictions); see also ECF Doc. 48 at 34 (illustrating the restrictions of Debtor's Plan and its compliance with I.R.C. § 457(g)).

This Court decided Domina in 2002, and the 2005 BAPCPA amendments also addressed this issue, amending § 541(b) of the Bankruptcy Code to explicitly exclude "any amount . . . withheld by an employer from the wages of employees for payment as contributions . . . to . . . a deferred compensation plan under section 457 of the Internal Revenue Code of 1986" and "any amount . . . received by an employer from employees for payment as contributions . . . to . . . a deferred compensation plan under section 457 of the Internal Revenue Code of 1986." 11 U.S.C. § 541(b)(7)(A)(i)(II) and (B)(i)(II).

Some bankruptcy courts have held that the post-2005 version of § 541(b)(7) only excludes from property of the estate the amounts in the "gap" period between when an employer withholds, or an employee voluntarily contributes, payments to a § 457 plan and when those payments are remitted to the § 457 plan. In re Braulick, 360 B.R. 327, 330–31 (Bankr. D. Mont. 2006) (citing 5 COLLIER ON BANKRUPTCY ¶ 541.22C[1] (15th ed. rev.).

5

"[The 541(b)(7)(A)(i)(II) and (B)(i)(II)] exception . . . seems intended to protect amounts withheld by employers from employees that are in the employer's hands at the time of filing bankruptcy, prior to remission of the funds to the plan." 5 COLLIER ON BANKRUPTCY ¶ 541.23[1] (16th ed. rev.). Those courts nevertheless hold that the funds remitted to the § 457 plan but not yet paid out to the debtor are still excluded under § 541(c)(2). Braulick, 360 B.R. at 331 (citing Domina, 274 B.R. at 833).

Other bankruptcy courts have held, however, that § 541(b)(7) encompasses both (1) payments received but not yet remitted to § 457 plans; and (2) funds contributed to § 457 plans but not yet paid out to debtors. In re Leahy, 370 B.R. 620, 624 (Bankr. D. Vt. 2007) (rejecting the Braulick holding that the § 541(b)(7) exclusion applies only to the "gap" period between payment and remission of the funds, finding no such limitation in the plain language of the statute).

The outcome is the same in this case under either analysis. Debtor's Plan is excluded from the bankruptcy estate. Even if the Court applied the narrower Braulick analysis, the result is the same. Section 541(b)(7) by its terms applies only to amounts "withheld by an employer" or "received by an employer from employees" for contributions to § 457 plans, not the contents of the § 457 plans themselves. 11 U.S.C. § 541(b)(7)(A) and (B). To the

6

extent that contributions of this nature are present in this case, § 541(b)(7) is operative. The contents of Debtor's Plan—not yet paid to Debtor—are also excluded from his estate under § 541(c)(2) due to Iowa Admin. Code § 11-64.6(8A) and I.R.C. § 457(g), per this Court's reasoning in Domina. This holding is consistent with "[t]he policy of protecting retirement benefits," even considering the broad inclusion of property in the bankruptcy estate. Domina, 274 B.R. at 833 (citing Whetzal v. Anderson, 32 F.3d 1302, 1304 (8th Cir. 1994)).

Both Debtor and Trustee cite to authority that predates the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") amendments to the Bankruptcy Code. Debtor cites a case from 1993 from the Bankruptcy Court for the Southern District of Iowa. Pedersen, 155 B.R. at 758. Trustee cites case law from the Eighth Circuit—also from 1993—holding that a similar retirement plan was not exempt under Iowa Code § 627.6(8)(e) because the debtor had not received any payments from the plan. In re Huebner, 986 F.2d 1222, 1224 (8th Cir. 1993). The Court finds these cases are of limited value given the 2005 Amendments.

Because Debtor's retirement plan is excluded from the bankruptcy estate, there is no issue regarding its exemption under state law. For the

7

foregoing reasons, the Court finds that Trustee's Motion for Summary Judgment should be denied.

## CONCLUSION

Trustee's Motion for Summary Judgment is therefore **DENIED**.

Dated and Entered:

October 21, 2022

_____
THAD J. COLLINS,
CHIEF BANKRUPTCY JUDGE

8